UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00193-LLK

NATASHA KIRK                                                                                          PLAINTIFF

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claims for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets 20 and 24, and the case is ripe for determination.

The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. Docket 13.

Because the administrative law judge's (ALJ's) decision is supported by substantial evidence and is in accord with applicable legal standards, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

## Background

In 2001, Plaintiff's thyroid gland was surgically removed, and she has since taken Levothyroxine, a manufactured form of the thyroid hormone. Administrative record (AR), pp. 78, 356.

In May 2011, the prior ALJ denied Plaintiff's prior Social Security disability claims. Decision at AR, pp. 175-180.

In February 2012, Plaintiff reported to the emergency department alleging injury from a motor vehicle accident. AR, p. 404.

In August 2012, Plaintiff quit her job in sales for a pest control company alleging harassment. AR, p. 494.

In September 2012, Plaintiff reported to the emergency department alleging injury from a second motor vehicle accident. AR, p. 400.

In January 2013, Plaintiff filed the present Social Security disability claims alleging onset of disability in August 2012. AR, pp. 32, 41.

On November 10, 2013, Plaintiff's cousin hit her in the back of the head (apparently an act of violence). AR, p. 607.

On November 15, 2013, Plaintiff reported to the emergency department alleging injury from a third motor vehicle accident. AR, p. 564.

On February 18, 2015, Plaintiff reported to the hospital after a fourth motor vehicle accident occurring on February 15, 2015. AR, p. 935.

Plaintiff underwent physical therapy for her injuries from the motor vehicle accidents, which the ALJ characterized as "successful." AR, p. 39.

In May 2015, the ALJ denied Plaintiff's disability claims, finding that she has not been under a disability at any time from her alleged onset of disability in August 2012 through the May 2015 decision date. AR, p. 40.

**Standard of Review**

The Court's review of the ALJ's decision is limited to whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 273 (6th Cir. 1997). The substantial-evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r*, 375 F.3d 387, 390 (6th Cir. 2004). "The substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Sec'y of Health & Human Servs.*, 800 F.2d 535, 545 (6th Cir. 1986). Therefore, if substantial evidence

supports the ALJ's decision, the Court must defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Key*, 109 F.3d at 273.

## Findings of Fact

The ALJ evaluated Plaintiff's disability claim pursuant to the five-step sequential evaluation process.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset of disability in August 2012. AR, p. 34.

Second, the ALJ found that Plaintiff suffers from severe, or vocationally significant, degenerative disc disease, status post thyroidectomy, and dermatitis. AR, p. 34.

Third, the ALJ found that Plaintiff does not suffer from any impairment or combination of impairments that meets or equals the medical criteria of an impairment listed in Appendix 1 of the regulations, to so-called Listing of medical impairments (which, if satisfied, would have entitled Plaintiff to a conclusive presumption of disability). AR, p. 36.

As required when the sequential evaluation process advances beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC) as follows: "[C]laimant has the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she should be limited to single lifting of 10 pounds and no repeated lifting over 10 pounds. Overall lifting is restricted to 30 pounds. She cannot raise or lower objects to other levels, and she should be limited to no more than 30 minutes of keyboarding." AR, p. 36.

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. AR, p. 39.

Fifth, the ALJ found that Plaintiff has not been under a disability from the alleged onset of disability in August 2012 through the May 2015 decision date because she can perform a significant number of jobs in the national economy. AR, p. 40.

3

The ALJ's decision became the Commissioner's final decision, subject to judicial review, when the Appeals Council declined to review the ALJ's decision. Appeals Council's decision at AR, pp. 1-3.

**Conclusions of Law**

Because Plaintiff is representing herself in this action (without assistance from an attorney), the Court must construe the arguments in her fact and law summary (Docket 20) liberally, in her favor. *Erickson v. Pardus*, 551 U.S. 89, 95, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Plaintiff makes three arguments.

First, Plaintiff argues that is that she is disabled because she "has not engaged in substantial gainful activity since August 5, 2012," i.e., she has not worked for "the required 12 month period" contemplated by "42 U.S.C. § 443(d)." Docket 20, p. 1.

Plaintiff apparently intended to refer to 42 U.S.C. § 423(d)(1)(A), which defines "disability" as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

The argument is unpersuasive because Plaintiff erroneously interprets Section 423(d)(1)(A) as establishing disability merely upon a showing that she has not worked for 12 months and an allegation that this was due to a medical impairment.

Second, Plaintiff argues that the ALJ erred (at Step 3 of the sequential evaluation process) in failing to recognize that she suffers from the following severe, or vocationally significant, impairments (in addition to the severe impairments of degenerative disc disease, status post thyroidectomy, and dermatitis recognized by the ALJ at AR, p. 34): 1) hypothyroidism, 2) post-traumatic stress disorder (PTSD), 3) anxiety, 4) depression, 5) sciatica, 6) bulging discs and an annular tear in the neck and back.

The burden of proof at Step 3 is on the Plaintiff. *See Jones v. Comm'r*, 336 F.3d 469, 474 (6th Cir. 2003) ("[T]he claimant bears the burden of proving the existence and severity of limitations caused by

her impairments"). Plaintiff has failed to prove that these additional impairments are vocationally significant or that they result in limitations in excess of those found by the ALJ. Specifically, she has not identified any evidence, which the ALJ was required to accept, that her hypothyroidism, sciatica, and bulging discs and annular tear preclude performance of a limited range of sedentary work (as contemplated by the ALJ's RFC findings at AR, p. 36). *See Maziarz v. Sec'y*, 837 F.2d 240, 244 (6th Cir. 1987) (If the ALJ considered the limiting effects of all severe and non-severe impairments as a whole, the ALJ's failure to label a non-severe impairment as "severe" was, at worst, harmless error) and *McGlothin v. Comm'r*, 299 F. App'x 516, 522 (6th Cir. 2008) (It is "legally irrelevant" that the ALJ found an impairment to be non-severe because the ALJ acknowledged the presence of other severe impairments and completed the sequential evaluation process). The evidence affirmatively indicates that Plaintiff's PTSD, anxiety, and depression do not result in any vocationally-significant limitations. *See* ALJ's decision at AR, p. 39 giving significant weight to the opinion of Sarah E. Howell, Psy.D., at AR, p. 496 that Plaintiff's adjustment disorder with mixed anxiety and depressed mood result in minimal limitations.

Third, Plaintiff argues that certain evidence that was before the ALJ provides this Court with "good cause" as contemplated by Sentence 6 of 42 U.S.C. § 405(g) to remand this case to the Commissioner for reconsideration of whether she suffers from a Listed impairment.

Sentence 6 authorized this Court to remand for consideration of addition evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." The argument is unpersuasive because a Sentence 6 remand is authorized only if the evidence was "new," i.e., not before the ALJ.

To the extent Plaintiff's argument is that the ALJ's Step 3 (Listing) findings are unsupported by substantial evidence, the argument is unpersuasive. Because the Listing represents an automatic screening-in of an impairment as per-se disabling, Plaintiff's burden of proving that the medical criteria of the Listing are satisfied is strictly construed. *See Sec'y v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885, 107

5

L.Ed.2d 967 (1990) ("An impairment that manifests only some of [a Listed impairment's] criteria, no matter how severely, does not qualify"); *Elam ex rel. Golay v. Comm'r*, 348 F.3d 124, 125 (6th Cir. 2003) ("It is insufficient that a claimant comes close to meeting the requirements of a listed impairment").

Plaintiff makes some additional arguments. For example, she argues: "Incomplete disability reports Ex. C3E pg. 1-10 2009 dec." Docket 20-1, p. 1. The Court is aware of a prior decision from May 2011 but not one from 2009. *See* May 2011 decision at AR, pp. 175-180. To the extent Plaintiff is complaining about a prior decision from 2009, it became final years ago and is not now subject to judicial review. Plaintiff further argues that "Decision 2015 was based on inaccurate records and misdiagnosis" and appends some hand-written notes (apparently in support of the argument). Docket 20-1, pp. 1-3.

The Court has diligently attempted but failed to comprehend these arguments. *See Moore v. Comm'r*, 573 F. App'x 540, 543 (6th Cir. 2014) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.1997)) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"); *White v. Comm'r*, No. 3:12-0385, 2016 WL 4772241 n.8 (M.D. Tn. May 17, 2016) (quoting *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)) ("[T]he district court is [not] required to create [the plaintiff's] claim for her").

**Order**

Because the ALJ's decision is unsupported by substantial evidence or is not in accord with applicable legal standards, the Commissioner's final decision is AFFIRMED and Plaintiff's complaint is DISMISSED.